UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EDWARD PRODUCE CORP.,

                        Plaintiff,

            - against -

CONDUIT FOOD CORP. t/a OLIVE TREE
MARKETPLACE, 3130 MEAT CORP. t/a OLIVE
TREE MARKETPLACE, ZIAD F. SHEHADEH,
DAVID F. SHEHADEH, WALID F. SHEHADEH and
HANI QASSIS,

                        Defendants.

-----------------------------------------------------------------X

Case No. 17-cv-7215

**COMPLAINT**

        Plaintiff Edward Produce Corp. ("Edward Produce" or "Plaintiff"), by and through undersigned counsel, as and for its complaint against defendants Conduit Food Corp. t/a Olive Tree Marketplace ("Olive Tree NY"), 1490 Meat Corp. t/a Olive Tree Marketplace ("Olive Tree NJ"), Ziad F. Shehadeh ("Z. Shehadeh"), David F. Shehadeh ("D. Shehadeh"), Walid F. Shehadeh ("W. Shehadeh") and Hani Qassis ("Qassis") (Olive Tree NY, Olive Tree NJ, Z. Shehadeh, D. Shehadeh, W. Shehadeh and Qassis collectively, "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

        1.    Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

        2.    Venue in this District is based on 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

        3.    Plaintiff Edward Produce is a New York corporation with its principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities

of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4.      Defendant Olive Tree NY is a New York corporation with principal places of business in Howard Beach, New York engaged in the business of buying wholesale quantities of produce in interstate commerce for sale at retail, and was at all relevant times subject to license under the provisions of PACA as a dealer.

5.      Defendant Olive Tree NJ is a New Jersey corporation with principal places of business in Danville, New York engaged in the business of buying wholesale quantities of produce in interstate commerce for sale at retail, and was at all relevant times subject to license under the provisions of PACA as a dealer.

6.      Defendant Z. Shehadeh is and was an officer, director and/or shareholder of Olive Tree NY and Olive Tree NJ during the period of time in question who controlled the operations of Olive Tree NY and Olive Tree NJ, and upon information and belief was in a position of control over the PACA trust assets belonging to Plaintiff.

7.      Defendant D. Shehadeh is and was an officer, director and/or shareholder of Olive Tree NY and Olive Tree NJ during the period of time in question who controlled the operations of Olive Tree NY and Olive Tree NJ, and upon information and belief was in a position of control over the PACA trust assets belonging to Plaintiff.

8.      Defendant W. Shehadeh is and was an officer, director and/or shareholder of Olive Tree NY and Olive Tree NJ during the period of time in question who controlled the operations of Olive Tree NY and Olive Tree NJ, and upon information and belief was in a position of control over the PACA trust assets belonging to Plaintiff.

9.      Defendant Qassis is and was an officer, director and/or shareholder of Olive Tree NY and Olive Tree NJ during the period of time in question who controlled the operations of Olive Tree

NY and Olive Tree NJ, and upon information and belief was in a position of control over the PACA trust assets belonging to Plaintiff.

## **GENERAL ALLEGATIONS**

10.    This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

11.    Between July 29, 2016 and August 14, 2017, Plaintiff sold and delivered to Defendants $49,922.77 worth of wholesale quantities of produce which had been shipped or moved in interstate commerce as follows:

| | |
|---|---|
| Olive Tree NY | $4,215.47 |
| Olive Tree NJ | $45,707.30 |

12.    Defendants accepted the produce, but have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiff the principal amount of $49,922.77.

13.    At the time of receipt of the produce, Edward Produce became a beneficiary of the PACA statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

14.    Edward Produce preserved its interest in the PACA trust in the amount of $49,922.77 and remains a beneficiary until full payment is made for the produce.

15.    Defendants' failure, refusal and inability to pay Edward Produce indicates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Edward Produce and are dissipating trust assets.

//

//

- 3 -

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Failure to Pay Trust Funds)

16.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17.     The failure of Defendants to make payment to Edward Produce of trust funds in the amount of $49,922.77 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

18.     Pursuant to PACA and the prevailing cases, Edward Produce is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Edward Produce, and requiring the turnover to Edward Produce of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION ALL DEFENDANTS
### (Failure to Make Prompt Payment)

19.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20.     Defendants received each of the produce shipments on which this action is based.

21.     PACA requires Defendants to promptly tender to Edward Produce full payment for the produce received in those shipments.

22.     Defendants have failed and refused to pay for the produce supplied by Edward Produce within the period required by 7 C.F.R. § 46.2(aa)(5).

23.     As a direct and proximate result of Defendants' failure to pay promptly, Edward Produce has incurred damages in the amount of $49,922.77, plus interest from the date each invoice became past due, costs and attorneys' fees.

//

//

**AS AND FOR A THIRD CAUSE OF ACTION**
**<u>AGAINST DEFENDANTS OLIVE TREE NY AND OLIVE TREE NJ</u>**
(Failure to Pay For Goods Sold)

24.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25.     Defendants failed and are unable to pay Plaintiff the amount of $49,922.77 owed to Plaintiff for goods received by Defendants from Plaintiff.

26.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $49,922.77, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**<u>AGAINST DEFENDANTS OLIVE TREE NY AND OLIVE TREE NJ</u>**
(Breach of Contract)

27.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28.     Olive Tree NY and Olive Tree NJ each received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

29.     Plaintiff's invoices to Olive Tree NY and Olive Tree NJ constitute valid and enforceable agreements between the parties.

30.     Olive Tree NY and Olive Tree NJ each breached the respective agreements between the parties by failing to timely remit payment for the goods they received from Plaintiff.

31.     Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

32.     As a direct and proximate result of the breach of contract by Olive Tree NY and Olive Tree NJ, Plaintiff has suffered damages in the amount of $49,922.77, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**AGAINST DEFENDANT ZIAD F. SHEHADEH**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

33.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 32 above as if fully set forth herein.

34.     Defendant Z. Shehadeh is and was an officer, director and/or shareholder who operated Olive Tree NY and Olive Tree NJ during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Edward Produce.

35.     Defendant Z. Shehadeh failed to direct Olive Tree NY and Olive Tree NJ to fulfill their respective statutory duties to preserve PACA trust assets and pay Edward Produce for the produce it supplied.

36.     Defendant Z. Shehadeh's failure to direct the corporate defendants to maintain PACA trust assets and pay Edward Produce for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

37.     As a result of said unlawful dissipation of trust assets, Edward Produce has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**AGAINST DEFENDANT DAVID F. SHEHADEH**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

38.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39.     Defendant D. Shehadeh is and was an officer, director and/or shareholder who operated Olive Tree NY and Olive Tree NJ during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Edward Produce.

40.     Defendant D. Shehadeh failed to direct Olive Tree NY and Olive Tree NJ to fulfill their respective statutory duties to preserve PACA trust assets and pay Edward Produce for the produce it supplied.

41.     Defendant D. Shehadeh's failure to direct the corporate defendants to maintain PACA trust assets and pay Edward Produce for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

42.     As a result of said unlawful dissipation of trust assets, Edward Produce has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**AGAINST DEFENDANT WALID F. SHEHADEH**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

43.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 42 above as if fully set forth herein.

44.     Defendant W. Shehadeh is and was an officer, director and/or shareholder who operated Olive Tree NY and Olive Tree NJ during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Edward Produce.

45.     Defendant W. Shehadeh failed to direct Olive Tree NY and Olive Tree NJ to fulfill their respective statutory duties to preserve PACA trust assets and pay Edward Produce for the produce it supplied.

46.     Defendant W. Shehadeh's failure to direct the corporate defendants to maintain PACA trust assets and pay Edward Produce for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

47. As a result of said unlawful dissipation of trust assets, Edward Produce has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANT HANI QASSIS
(Unlawful Dissipation of Trust Assets by a Corporate Official)

48. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 47 above as if fully set forth herein.

49. Defendant Qassis is and was an officer, director and/or shareholder who operated Olive Tree NY and Olive Tree NJ during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Edward Produce.

50. Defendant Qassis failed to direct Olive Tree NY and Olive Tree NJ to fulfill their respective statutory duties to preserve PACA trust assets and pay Edward Produce for the produce it supplied.

51. Defendant Qassis' failure to direct the corporate defendants to maintain PACA trust assets and pay Edward Produce for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

52. As a result of said unlawful dissipation of trust assets, Edward Produce has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

53. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 52 above as if fully set forth herein.

54.    PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

55.    As a result of Defendants' continued failure to make full payment promptly in the amount of $49,922.77, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A.    On the first cause of action, judgment in favor of Plaintiff and against all Defendants, jointly and severally, in the amount of $49,922.77 under the trust provisions of PACA;

B.    On the second cause of action, judgment in favor of Plaintiff and against all Defendants, jointly and severally, in the amount of $49,922.77 under the trust provisions of PACA;

C.    On the third cause of action, judgment in favor of Plaintiff and against Olive Tree NY and Olive Tree NJ, jointly and severally, in the amount of $49,922.77;

D.    On fourth cause of action, judgment in favor of Plaintiff and against Olive Tree NY and Olive Tree NJ, jointly and severally, in the amount of $49,922.77;

E.    On the fifth cause of action, judgment in favor of Plaintiff and against Z. Shehadeh in the amount of $49,922.77 under the trust provisions of PACA;

F.    On the sixth cause of action, judgment in favor of Plaintiff and against D. Shehadeh in the amount of $49,922.77 under the trust provisions of PACA;

G.    On the seventh cause of action, judgment in favor of Plaintiff and against W. Shehadeh in the amount of $49,922.77 under the trust provisions of PACA;

H.    On the eighth cause of action, judgment in favor of Plaintiff and against Qassis in the amount of $49,922.77 under the trust provisions of PACA;

I.    On the ninth cause of action, judgment in favor of Plaintiff against all Defendants,

jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

      J.      Such other and further relief as the Court deems just and proper.

Dated: December 12, 2017

                                            Respectfully submitted,
                                            McCARRON & DIESS
                                            Attorneys for Plaintiff

                            By:      /s/ Gregory Brown
                                            Gregory Brown
                                            707 Walt Whitman Road, Second Floor
                                            Melville, New York 11747
                                            Phone:      (631) 425-8110
                                            Fax:          (631) 425-8112
                                            gbrown@mccarronlaw.com